UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERCY DEAN                                                CIVIL ACTION

VERSUS                                                      NO.  06-3243

SHERIFF MARLIN GUSMAN                       SECTION "N"(4)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including

an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for

disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as

applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has

determined that this matter can be disposed of without an Evidentiary Hearing.

I.      **Factual Summary**

The plaintiff, Percy Dean ("Dean"), was incarcerated in the Allen Correctional Center  at the

time of the filing of this *pro se* and *in forma pauperis* complaint.  Dean filed this complaint  pursuant

to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, unidentified tier

deputies and the Special Investigation Department at the Orleans Parish Prison ("OPP") as a result

of the conditions in the prison after Hurricane Katrina.

Dean alleges that he was in the custody of OPP officials for 45 days prior to Hurricane Katrina.  He claims that, on August 29, 2005, he was located on the seventh floor of the Central Lockup Unit in the House of Detention.  He alleges that toilets and showers backed up with foul smelling sewerage water.  He claims that he called for help and someone responded that he should stay put because help was on the way.

He was taken to the fifth floor from about 6:00 p.m. on August 29, 2005 to about 1:00 p.m. on September 1, 2005.  At that time, he was taken by Louisiana State Penitentiary officers to the roof.  He was then routed through a parking garage to an awaiting boat, which took him to a bridge. He sat there from around 5:00 p.m. to 7:30 p.m., at which time Dean claims that he had to walk through flood waters to the interstate.  He was put on a bus and given water and a peanut butter sandwich.  He was taken to Allen Correctional Center, where he was given food, clothing and a clean bed.

Dean complains that, before he was moved, the tier deputies and LSP officers left him in the jail with no food, water, security, medical attention, or clean clothes.  He claims that, while he was told that help was coming, the deputies had left to attend to their own families.  He further claims that the deputies used the supplies to care for their families, who were being sheltered in the jail.

He complains that the delay of the sheriff and his agents caused him great hardship, they disregarded and denied him liberty and his constitutional rights protected by the U.S. and Louisiana Constitutions were violated.  He request monetary damages and a jury trial.

In an addendum to his complaint, Dean alleges that he indicated that he suffered nausea caused by the awful smell and taste of raw sewage from the water that covered the prison facility. He request that the court recognize that his vomiting was an unpleasant experience.  He also alleges

that he should be allowed to recover for the emotional and psychological aspect of his experience and that he be awarded damages that are appropriate under the circumstances.  He alleges that he suffered deliberate indifference to his medical needs, was denied food, and was made to sit in the heat in violation of the Eighth Amendment to the United  States Constitution.  He complains that the delay of emergency help is evidence of intentional denial.

## II.    <u>Standard of Review</u>

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Claims against Sheriff Gusman and the Unidentified Prison Guards

Dean complains that the evacuation process at OPP during Hurricane Katrina was not timely and was negligently performed, which caused him to suffer without food, medical attention, and water for several days.  He further alleges that he was required to live near raw sewage and to suffer nausea as a result.  He claims that these were real physical injuries which he suffered as a result of the deliberate indifference of the Sheriff and his deputies.  Dean, therefore, contends that the manner and timing of the evacuation constituted cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see*

*also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Dean alleges that some of the unidentified prison guards left the inmates in the facility.  He does not identify these guards and therefore has not properly named them as defendants. Nevertheless, Sheriff Gusman cannot be held liable under § 1983 for the actions or neglect of the deputies under his employ.

Furthermore, Dean has not alleged that Sheriff Gusman was personally involved in the occurrences at the prison or in the evacuation process itself.  Dean has not alleged that Sheriff Gusman was personally involved in the denial of food, water or medical care before or during the evacuation.  Without some showing of personal involvement, the claim against the Sheriff should be dismissed.

Furthermore, to the extent Dean claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989

F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) (noting that "[e]ven when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

An official, whether the Sheriff or the unidentified prison guards, must act with deliberate indifference to be liable under § 1983.  An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In addition, Dean has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights.  In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834.  An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Dean alleges that he was required to sit in the jail for several days before being evacuated on September 1, 2005. He complains that during that period he had no food, he lived in unsanitary conditions, and was left without assistance in the jail. Even if Dean could establish that their neglect amounted to some intentional failure on the part of the guards at the prison, he could only proceed under § 1983 if he could show that he sustained a physical injury as a result of his exposure to these temporary conditions.

The only discomfort alleged by Dean is that he was nauseous after having lived in sewage for five days, drinking contaminated water and not being provided any food during that period. However, Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury))).

In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were therefore insufficient for recovery under § 1997e(e)). *Alexander*, 351 F.3d at 631. This same type of injuries have been alleged by Dean. Therefore, Dean's claims against the Sheriff and the unidentified deputies seeking recovery for his nausea should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under Title 28 U.S.C.§ 1915e(2) and Title 42 U.S.C. § 1997(e)(1).

B.      **Claims against the Special Investigation Department**

Dean has named the Special Investigation Department within the Orleans Parish Criminal

Sheriff's Office as a defendant.  Dean has not alleged any action or inaction by any specific or

identifiable member of this unit.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law

governs whether the SID unit, as a part of the Orleans Parish Criminal Sheriff's Office can be sued.[1]

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical

person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law

attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.  In Louisiana,

however, Parish Sheriff's Offices are not legal entities capable of suing or being sued.  *Ruggiero v.*

*Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office.  *Liberty Mut.*

*Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d

235 (La. 1977).  Thus, the SID unit within the Orleans Parish Criminal Sheriff's Office is not a

juridical person capable of being sued under § 1983.  The claims against this entity are frivolous and

otherwise fail to state a claim for which relief can be granted.

C.      **Claims under the Louisiana Constitution**

Dean contends that the actions of the Sheriff and the unidentified tier officers violated his

state constitutional rights which also forbid cruel and unusual punishment and otherwise acted

negligently in abandoning the jail and delaying evacuation.  He brings these claims under Louisiana

state law.  Under a broad reading, Dean appears to bring these claims pursuant to Section 20 of the

---

[1]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* FED. R. CIV. P. 17(b).

Louisiana State Constitution which provides that no law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.  Also, La. Civ. Code art. 2315 *et seq.* provides that a person is liable for any act whatsoever which causes injury to another.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").  The court is recommending dismissal of  Dean's federal claims in their entirety as frivolous and/or for failure to state a claim for which relief can be granted. Therefore, his  state law claims should be dismissed without prejudice because the Court declines to exercise its supplemental jurisdiction where there are no remaining federal claims.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Percy Dean's Title 42 U.S.C. § 1983 against Sheriff Gusman, the unidentified deputies, and the Special Investigation Department be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Dean's claims brought pursuant to Louisiana law should be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___17th___ day of _____October_____, 2006.


_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**